# EXHIBIT 10

boston.com

7+,6 I6 72 5<I+$6 I%( ( 1 I) 2 5 0 $77( ' I) 2 5 I( $6<I3 5,1 7,1 *

# FBI cited for poor freedom of information work

Associated Press

**By Michael J. Sniffen, Associated Press Writer | March 12, 2009**

WASHINGTON --The FBI tells two out of every three Freedom of Information Act requesters that it can't find the records they asked for -- a failure rate five times higher than other major federal agencies, a private study has found.

The FBI's performance results from an outdated and deliberately limited search process, according to the National Security Archive, a private group that publishes declassified government documents and files many FOIA requests.

The Archive awarded the FBI its Rosemary Award for the worst Freedom of Information Act performance by a federal agency. The award is named for former President Richard M. Nixon's secretary Rose Mary Woods, known for re-enacting her claim to have accidentally erased 18 1/2 minutes of a White House tape recording when she stretched to answer a phone. It's given annually around Sunshine Week, when journalism organizations promote open government and freedom of information.

"The FBI knowingly uses a search process that doesn't find relevant records," Archive director Tom Blanton said Thursday. "Not only does this woeful performance lead to unnecessary litigation, but the bureau apparently uses the same searches in its criminal investigations as well."

The Archive said FBI records show that over the past four years the bureau told 66 percent of requesters -- 37,342 out of 56,530 requests -- that it found no responsive records. The 33 large federal agencies which receive the bulk of all FOIA requests responded that way only 13 percent of the time on average, the archive calculated.

In 2008, only 89 requesters, 0.5 percent of the year's total, got everything they asked for from the FBI; 2,276, 13 percent, got part of what they sought.

David Hardy, chief of the FBI's FOIA section, has said the bureau checks FOIA requests against the names on an electronic index of its files.

The electronic index contains names of individuals, organizations, companies, publications, activities and counterintelligence programs. It includes the main name for each file and other names in the file -- or cross-references -- that case agents think might be useful in the future, but not all names in every file. The electronic index for searching only goes back to 1980s; earlier records have to be searched by hand on paper.

The FBI checks the main names on the index, Hardy has said. It does not check cross-reference names unless specifically asked to, and does not check the entire file. It won't look at paper or field office records unless specifically asked to.

Blanton said modern information systems use electronic search tools that scan the entire text of a document. "The FBI process, in contrast, is designed to send FOIA requesters away frustrated, and no doubt has the same effect on the FBI's own agents."

Hardy told The Associated Press on Thursday the indexing system is designed to support bureau investigations.

"The names our agents pick to put in the index mean something to our investigators," Hardy said. "We're not building a library. If you have something of meaning to the FBI, it's going to be there."

But Blanton responded: "No FBI agent is omniscient. They can't always know what names would be important to another field office or make or break an

investigation in the future."

Two men who turned out to be Sept. 11, 2001, terrorist hijackers lived in San Diego and associated with an FBI informant before the attack, but if the agent only indexed the informant's name, they wouldn't find the two hijackers, Blanton said.

FBI spokesman Richard Kolko said "the reason for the huge number of no-records responses is that it's become a cult phenomenon to ask the FBI for records on yourself, and most people don't have FBI records."

But FBI searches frustrate other requesters. Salt Lake City lawyer Jesse Trentadue wanted to know whether bureau documents showed a link between his brother's death in custody and the 1995 bombing of the Oklahoma City federal building.

Trentadue asked for a Jan. 4, 1996, message from FBI Director Louis Freeh's office to the Oklahoma City and Omaha, Neb., offices that discussed the federal building bombers (the FBI's OKBOMB case). His request supplied the correct date for the memo, the names of the sender and two recipients and a newspaper story with direct quotes from it, but the FBI told him no records matched his request.

Trentadue later found the very memo he wanted had been released to another FOIA requester, so he sued the FBI for a better search. Hardy told the court the FBI had used the search term "OKBOMB" to try to find the January 1996 message; bureau officials couldn't say why that search failed to produce the Freeh message, in which the first listed subject was "OKBOMB."

Hardy told AP the law requires reasonable, not exhaustive, searches. "If we were to try to chase down every name with a full text search, the entire Russian army couldn't finish the work in a timely manner," Hardy said. "We think our system is reasonable."

Hardy said the FBI now has the shortest pending times for FOIA requests in its history, no backlogged requests older than three years and fewer than 1 percent older than two. But Blanton said the FBI's average response times of 109 days for an expedited request and 374 days for a complex request are still among the highest in government.

Blanton said the FBI has avoided processing requests by demanding privacy act waivers from any living individual referenced. He said the bureau stopped a student journalism project on the murder of Wall Street Journal reporter Daniel Pearl in Pakistan by requesting a privacy waiver from al-Qaida leader Khalid Sheikh Mohammed, a U.S. prisoner in Guantanamo Bay, Cuba.

"We are supposed to use common sense and waive that rule," Hardy said. "But we correct our errors. We're processing the Pearl documents now."

------

On the Net:

Archive study: http://www.gwu.edu/nsarchiv/news/20090313/ ∎

© Copyright The New York Times Company