UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BARBARA FEINMAN and                 )
GARRETT M. GRAFF,                   )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )   Civil Action No. 09-2047 (ESH)
                                    )
FEDERAL BUREAU OF                   )
INVESTIGATION, *et al.*,            )
                                    )
    Defendants.                     )
_____)

## MEMORANDUM OPINION AND ORDER

On January 26, 2010, the Court granted defendants' partial motion to dismiss the complaint as to plaintiff Barbara Feinman's claims under the Freedom of Information Act ("FOIA"). [Dkt. 8.] Feinman had sought to challenge the denial of a FOIA request made by someone else, Catherine Beirne, who had assigned her rights and interests in that request to Feinman. *See Feinman v. F.B.I.*, No. 09-CV-2047, 2010 WL 276176, at *1 (D.D.C. Jan. 26, 2010). The Court concluded that Beirne's pre-litigation assignment of her FOIA rights was insufficient to confer standing upon Feinman to bring a civil action to vindicate those rights. *Id.* at *6. Now before the Court is Feinman's Motion for Certification of Interlocutory Appeal. [Dkt. 13.] Feinman seeks this Court's certification of two questions: whether FOIA permits a requester to assign her rights to another for purposes of establishing standing to sue in federal court and whether, if FOIA is ambiguous on this issue, policy interests counsel in favor of permitting such assignments. For the reasons explained herein, it is hereby **ORDERED** that plaintiff Barbara Feinman's Motion for Certification of Interlocutory Appeal is **DENIED.**

A district court has discretion to certify a non-final order for interlocutory review under

28 U.S.C. § 1292(b) when the court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." A controlling question of law "is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *Judicial Watch Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (internal quotation marks omitted). Courts permit interlocutory appeals infrequently. *Graham v. Mukasey*, 608 F. Supp. 2d 56, 57 (D.D.C. 2009). A party requesting certification for interlocutory review "must meet a high standard to overcome the strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding . . . ." *Id.* (internal quotation marks omitted). "The movant must show that exceptional circumstances justify a departure from the traditional structure of litigation where appellate review is postponed until after the entry of final judgment." *Id.*

Feinman has failed to show exceptional circumstances that would justify an interlocutory appeal. She has not raised a substantial ground for difference of opinion as to the controlling question of law, particularly with respect to the Court's analysis of the relevant policy considerations and of *Sinito v. Dep't of Justice*, 176 F.3d 512 (D.C. Cir. 1999). Even if she had, she effectively concedes that the answers to her proposed questions for certification would not materially advance the ultimate termination of Counts Two through Five of the complaint, all of which pertain only to plaintiff Graff's claims. (*See* Pl.'s Reply at 7-8 (arguing that her claims are relevant to disposition of Graff's motion for *partial* summary judgment on Count Six).)[1]

---

[1] Further, defendants' counsel represents that it has been advised that Feinman has filed her own FOIA request for the information originally sought by Beirne. (Def.'s Opp'n to Pl.'s Mot. at 8 n.2.) If true, and if defendants were to deny that request, Feinman could bring suit in her own name without any need for the appellate court to reach the question of assignment.

2

Accordingly, the Court concludes that her questions are inappropriate for interlocutory review.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 15, 2010