Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA FEINMAN  and          )
GARRETT M. GRAFF,             )
                              )
        Plaintiffs,           )
                              )
        v.                    )        Civ. A. No. 1:09-cv-02047 (ESH)
                              )
FEDERAL BUREAU OF INVESTIGATION, et al.,)
                              )
        Defendants.           )

## DECLARATION OF DENNIS J. ARGALL

        I, Dennis J. Argall, declare as follows:

        (1)     I currently serve as the Assistant Section Chief of the Record/Information

Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of

Investigation Headquarters ("FBIHQ") in Winchester, Virginia and, in the absence of RIDS

Section Chief, David M. Hardy, I serve as Acting Section Chief for RIDS. I became the

Assistant Section Chief on November 1, 2008. From August 18, 2008 until October 31, 2008, I

was the Unit Chief of Litigation Support Unit. I have been employed by the FBI since August

18, 2008. Prior to my joining the FBI, from July 11, 2005 until July 10, 2008, I was on active

duty in the United States Navy and assigned to United States Fleet Forces Command, located in

Norfolk, Virginia, as the Fleet Judge Advocate. In that capacity I was responsible for reviewing

all information being released under the Freedom of Information Act (FOIA). From August 17,

1983 to July 11, 2005, I served as an active duty Navy Judge Advocate at various commands and

routinely dealt with FOIA matters, including a tour from January 1987 to September 1988 with

the Department of the Navy Litigation Office where I was a litigation counsel for FOIA matters.

I am also an attorney who has been licensed to practice law in the State of Wisconsin since 1983.

(2)     In my official capacity as Acting Section Chief of RIDS, I supervise

approximately 267 employees who staff a total of ten (10) Units and two field operational service

center units whose collective mission is to effectively plan, develop, direct, and manage

responses to requests for access to FBI records and information pursuant to the FOIA; Privacy

Act; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures;

judicial decisions; and other Presidential and Congressional directives.  The statements contained

in this declaration are based upon my personal knowledge, upon information provided to me in

my official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552.  Specifically, I am aware of the FBI's treatment afforded to the FOIA

request which Garrett M. Graff (hereafter referred to as "plaintiff") made for "certain files

regarding the FBI's investigation into and the role in the 1987 rendition of Royal Jordanian Flight

402 hijacker and Amal Organization militiaman Fawaz Younis."

(4)     The purpose of this declaration is to provide the Court and plaintiff with the

administrative history of plaintiff's request, as well as an explanation of the procedures used to

process plaintiff's request, specifically those at issue in Count Five of the Complaint.

<u>**CORRESPONDENCE RELATING TO COUNT FIVE**</u>

(5)     By facsimile dated April 8, 2009, plaintiff submitted a FOIA request to FBIHQ

2

seeking certain "files regarding the FBI's investigation into and the role in the 1987 rendition of Royal Jordanian Flight 402 hijacker and Amal Organization militiaman Fawaz Younis." **(See Exhibit A.)**

(6)     By letter dated April 10, 2009, the FBI acknowledged plaintiff's FBIHQ FOIA request and assigned it request number 1128923-000.  Plaintiff was advised that the FBI was unable to respond to his request for records concerning another individual without either proof of death or a privacy waiver from the subject of his request.  Therefore, plaintiff's request was administratively closed.  **(See Exhibit B.)**

(7)     On October 30, 2009, plaintiff filed a Complaint in the U.S. District Court for the District of Columbia.[1]

(8)     By letter dated February 19, 2010, the FBI advised plaintiff that as a result of an administrative error, plaintiff's request was closed on April 10, 2009.  However, when the error was discovered the FBI reopened plaintiff's FOIA request and assigned it request number 1128923-001.  Plaintiff was advised that the FBI was searching the indices to its Central Records System ("CRS") for information to his request.  **(See Exhibit C.)**

(9)     By letter dated February 26, 2010, the FBI advised plaintiff that his request for a fee waiver had been granted.  **(See Exhibit D.)**

### ADMINISTRATIVE PROCEDURES

(10)     In April 2009, it was the FBI's policy to require a requester to provide either an authorization (e.g., Privacy Waiver) from the third party or provide proof of death in order for the

---

[1] Plaintiff avers that by letter dated April 17, 2009, he appealed to the Office of Information Policy ("OIP") the FBI's response to his April 8, 2009 FBIHQ request.  OIP has no record of the appeal.

FBI to process the request, i.e., conduct a search for responsive records. The policy was instituted as a protection for the privacy rights of individuals; the FBI was, and is, especially sensitive to privacy rights due to the nature of its files and the potential for an unwarranted invasion of personal privacy for an individual whose name appears in FBI files.

(11)    In November 2009, the FBI changed its policy with regard to the treatment of third party requests, i.e., those requests for information on an individual other than the requester. The FBI no longer requires proof of death, privacy waiver or demonstration of a public interest sufficient to outweigh individual privacy before the request is processed. Under current policy, the request is assigned a FOIA number and the requester is sent a letter acknowledging receipt of the request and advising the requester of the FOIA number; the FBI also includes language in its response letter advising the requester of their right to appeal the FBI's action to the Office of Information Policy ("OIP"). Appeal rights had not been previously included in the FBI response letter for third party requests. The FBI will not process the request any further without a privacy waiver, proof of death or a showing that the public interest in disclosure outweighs privacy considerations. If a requester provides evidence sufficient to establish that the subject of the request is a public figure, i.e, one who has attained current notoriety, then the FBI will search for responsive records and release to the requester public source information, but invoke privacy Exemptions (b)(6) and (b)(7)(C) for the remainder of the responsive information. Because each request must be treated individually, the FBI must retain flexibility in the way in which it handles each request. The policy change in how the FBI treats third party requests reflects its continued commitment to fair treatment of requests and requesters and is permanent in nature.

4

(12)    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct, and Exhibits A through D attached hereto are true and correct copies.

Executed this 29th day of March, 2010.


DENNIS J. ARGALL
Acting Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

5

Exhibit A



**WASHINGTONIAN**

1828 L Street, NW, Washington, DC 20036 202-296-3600

FREEDOM OF INFORMATION ACT REQUEST

April 8, 2009

Department of Justice
Federal Bureau of Investigation
David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843
P: (540) 868-4593/ F: (540) 868-4995

Re: Disclosure of documents regarding the September 1987 rendition of Lebanese skyjacker
Fawaz Younis

Dear Sir,

This is a request under the Freedom of Information Act for files regarding the FBI's investigation
into and role in the 1987 rendition of Royal Jordanian Flight 402 hijacker and Amal Organization
militiaman Fawaz Younis.

I am requesting copies of any documents or communications, including but not limited to logs,
reports, messages, teletypes, wires, cables, and external or internal memorandums about capture
and forced extradition of Younis on September 13, 1987.

This request should include the period from March 1, 1986 to October 4, 1989, inclusive. This
request includes but is not limited to rendition preparations, apprehension and transit, as well as
prosecution preparations for trial in United States District Court. This request should include the
role of the Federal Bureau of Investigation, the Central Intelligence Agency, and the Hostage
Rescue Team in apprehending Younis overseas and bringing him back to the United States to stand
trial.

As a member of the news media, and considering that this request is made in the public interest, I
am hereby requesting a waiver of all associated fees. Disclosure of the requested information to me
is in the public interest because it is likely to contribute significantly to public understanding of the
operations or activities of the government and is not primarily in my commercial interest.

Apr-08-09  02:34pm   From-Washingtonian Magazine 2028623526          +2028623526          T-212   P.03/03   F-703

If you deny any part of this request, please cite each specific reason that you think justifies your refusal to release the information and notify me of appeal procedures available to me under the law.

Sincerely,

Garrett M. Graff
Editor at Large, Washingtonian Magazine
ggraff@washingtonian.com
Phone: (202) 862-3503

# Exhibit B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

April 10, 2009

MR. GARRETT M. GRAFF
WASHINGTONIAN
1828 L STREET, NORTHWEST
WASHINGTON, D.C. 20036

FOIPA Request No.: 1128923
Subject: Younis, Fawaz

Dear Mr. Graff:

We are unable to respond to your Freedom of Information/Privacy Acts (FOIPA) request for records maintained by the FBI concerning **Fawaz Younis.**

Before we are able to proceed with responding to your request for records pertaining to another individual(s), we require that you submit either proof of death or a privacy waiver from the subject(s) of your request. Proof of death can be a copy of a death certificate, Social Security Death Index, obituary or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of third-party information contained in law enforcement records, should they exist, is considered both a clearly unwarranted invasion of privacy pursuant to Exemption (b)(6), 5 U.S.C. § 552 (b)(6), and an unwarranted invasion of personal privacy, pursuant to Exemption (b)(7)(C), 5 U.S.C. § 552 (b)(7)(C).

Enclosed is a Privacy Waiver and Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it or prepare a document containing the required descriptive data and have it notarized. The original privacy waiver; notarized authorization with the descriptive information and a legible, original signature; or proof of death must be provided to the FBI before an accurate search of our records can be conducted.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Records Information
  and Dissemination Section
Records Management Division

ALL ATTACHED CORRESPONDENCE MUST BE RETURNED TO THE FBI WITH THIS LETTER.

Privacy Waiver and Certification of Identity

Full Name: _____

Aliases used: _____

Current Address: _____

_____

_____

Date of Birth: _____   Place of Birth: _____

Social Security Number (optional): _____

(Optional: Prior addresses, employments, etc., which may assist the FBI in locating the
requested information) _____

_____

I hereby waive my right to privacy, and I authorize the FBI to release any and all
information relating to me to :

(Name, address & phone of attorney or other designee)

_____

_____

_____

_____

Under penalty of perjury, I hereby declare that I am the person described above and understand that any
falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than
$10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under
false pretenses is punishable under the provisions of 5 U.S.C. § 552a(i)(3) as a misdemeanor and by a fine of not more
than $5,000.

Signature: _____   Date: _____ _

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The **NNCP** search.

FOR GENERAL INFORMATION ABOUT THE FBI,
CHECK OUT OUR WEBSITE AT
http://www.fbi.gov

3-23-04

Exhibit C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 19, 2010

Mr. Garrett M. Graff
Washington Magazine
1828 L Street, N.W.
Suite 200
Washington, DC  20036

> *Garrett M. Graff v. FBI, et al., (Civ. A. No. : 1:09-cv-02047)*
> Request No.: 1128923-001
> Subject: Younis, Fawaz

Dear Mr. Graff:

The purpose of this letter is to advise you of the status of your pending Freedom of Information Act (FOIA) request at the Federal Bureau of Investigation ("FBI") regarding Fawaz Younis.

As a result of an administrative error, your request was closed on April 10, 2009. When this error was discovered, your request was reopened under FOIA request number 1128923-001. Currently the FBI is searching the indices to its Central Records System for the information you requested, and will inform you of the results as soon as possible.

I regret the delay incurred in complying with your request and solicit your continued patience. You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

cc:     Jennifer B. Kaplan (Civil Division - Federal Programs)

Exhibit D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C. 20535

February 26, 2010

MR. GARRETT M. GRAFF
WASHINGTONIAN
1828 L STREET NORTHWEST
WASHINGTON, DC 20036

> *Garret M. Graff v. FBI, et al.,* (Civ. A. No.: 1:09-cv-02047)
> FOIPA Request No.: 1128923- 001
> Subject: YOUNIS, FAWAZ

Dear Mr. Graff:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested a fee waiver for the above-referenced Freedom of Information Act (FOIA) request.  Request for fee waivers are determined on a case-by-case basis.  See 5 U.S.C. 522 (a)(4)(A)(iii).  See also Nat'l Sec. Archive v. DOD, 808 F.2d 1381, 1383 (D.C. Cir. 1989).  The burden is on the requester to show that the statutory requirements for a fee waiver have been met. Pursuant to the Department of Justice (DOJ) standards, a fee waiver can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested a fee waiver stating that:

☐   the subject of the requested records concerns "the operations or archives of the government"

☐   the disclosure is "likely to contribute" to an understanding of governmental operations or activities

☒   the disclosure of the requested information will contribute to the understanding of the general public, as opposed to the individual requester, and that the requester has the ability and intention to disseminate the information to the public

☒   the disclosure is likely to contribute "significantly" to public understanding of government operations or activities

☐   the requester has a commercial interest that would be furthered by the requested disclosure; and (6) whether any such commercial interest outweighs the public interest in disclosure. See 28 C.F.R. 16.11§ (k) (2004).

You have provided enough information concerning the statutory requirements for a fee waiver; therefore, your request is granted.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

cc:     Jennifer B. Kaplan (Civil Division - Federal Programs)