# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA FEINMAN; and GARRETT M. GRAFF,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION; EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS; and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | Case No. 1:09-cv-2047-ESH |

## DECLARATION OF VINAY J. JOLLY

I, Vinay J. Jolly, declare the following to be a true and correct statement of facts:

1. I am an Attorney-Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a. In that capacity, my responsibilities include the following: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under the FOIA/PA; the review of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; and the preparation of EOUSA's responses thereto to assure that determinations to withhold or to release responsive records are in accordance with the provisions of both the FOIA and the PA, as well as with the Department of Justice regulations (28

C.F.R. §§ 16.3 and 16.40).

2. As an Attorney-Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and/or withhold records requested under the FOIA/PA, and to explain the rationale for EOUSA's disclosure determinations. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA. The purpose of this declaration is to provide the Court with an explanation of the handling of the FOIA request in the above-referenced case and to outline general agency procedures for handling third-party requests. This declaration is submitted in support of Defendants' cross-motion for summary judgment and in opposition to Plaintiff's motion for partial summary judgment.

## BACKGROUND

4. By letter dated January 23, 2009, Plaintiff Garrett Graff submitted a FOIA/PA request to EOUSA. Plaintiff's request sought access to certain records pertaining to the investigation, capture, and prosecution of Manuel Noriega. (**See** Exhibit A.)

5. By letter dated January 30, 2009, EOUSA advised Plaintiff that it had received his FOIA/PA request, and EOUSA assigned it number 09-237. EOUSA also advised that the requested material could not be released absent express authorization and consent from the named third party (Manuel Noriega), proof that the third party was deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest of the third party. EOUSA enclosed a form for Plaintiff to obtain the release authorization from the third party named in the request. (**See** Exhibit B.)

6. In the same letter, EOUSA advised Plaintiff that to release the material without an authorization would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act and generally exempt under FOIA. Accordingly, EOUSA categorically denied Plaintiff's request pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and the Privacy Act, 5 U.S.C. § 552a(b).[1] EOUSA further informed Plaintiff that, if requested, any responsive public records would be released without express authorization or public justification for release. Finally, Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy (now the Office of Information Policy ("OIP")), and was informed that after the appeal has been decided, Plaintiff may have judicial review by filing a complaint.[2] (**See id.**)

7. By letter dated February 24, 2009, Plaintiff filed an administrative appeal with OIP. (**See Exhibit C**.)

8. OIP acknowledged receipt of Plaintiff's administrative appeal by letter dated March 6, 2009, and notified Plaintiff that appeals will be handled in the order of receipt. (**See Exhibit D**.)

9. By letter dated September 8, 2009, OIP affirmed EOUSA's action in withholding the requested information in its entirety because it is protected under FOIA 5 U.S.C. §§ (b)(6) and

---

[1] EOUSA's response in this case is a categorical denial and is typically asserted to deny access to a third party's law enforcement records in the absence of a receipt of a privacy waiver or proof of death pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and the Privacy Act of 1974, 5 U.S.C. § 552a(b). See also 28 C.F.R. § 16.3. The categorical withholding of third-party records response differs from a response that neither confirms or denies the existence of responsive records, i.e., a Glomar response. A Glomar response is appropriate when it appears that the requesting party has no knowledge of an investigation of a third party, but is simply on a "fishing expedition."

[2] EOUSA has no record of receiving third-party authorization from Plaintiff. In addition, EOUSA has no record of receiving a response from Plaintiff regarding whether it was interested in obtaining copies of any responsive public records that may exist in USAO's files.

(b)(7)(C) relating to third-party privacy. OIP advised Plaintiff that it could contact EOUSA to receive public records at Plaintiff's request, and that if Plaintiff was dissatisfied with this appellate action, Plaintiff could file a lawsuit. (**See Exhibit E.**)

10. As stated above, EOUSA determined that the requested third-party information is exempt from disclosure pursuant to Exemptions 6 and 7(C); therefore, EOUSA did not conduct a document-by-document search to locate the specific records requested.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

11. The Privacy Act, 5 U.S.C § 552a(b), states as follows:

> No agency shall disclose any record which is contained
> in a system of records by any means of communication
> to any person, or to another agency, except pursuant to
> a written request by, or with the prior consent of,
> the individual to whom the record pertains [subject to 12 exceptions.]

12. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. § 552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire responsive request pertains to the criminal investigation of a third party, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld ordinarily would not be disclosed under the PA.[3]

---

[3] EOUSA processes all requests made by individuals for records under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Insomuch as the Privacy Act does not apply to foreign nationals, EOUSA proceeds to analyze records under the the FOIA.

Accordingly, and because Mr. Noriega is a foreign national, EOUSA next considered the third-party records in this case under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

13. Exemption (b)(7)(C) protects from disclosure records or information compiled for law enforcement purposes, if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption 7(C) also allows for a categorical approach to the balance of private and public interests for an appropriate type of law enforcement records or information.

14. The subject request seeks investigatory and prosecution files relating to a third party. It is well-recognized that individuals have a strong privacy interest in law enforcement records and that the mention of an individual's name and identifying information in connection with a law enforcement file will engender comment and speculation, and carries a stigmatizing connotation. Moreover, the fact that an event is not completely private does not mean that an individual has no interest in limiting disclosure or dissemination of the information. Likewise, an individual mentioned in law enforcement records does not lose all rights to privacy merely because his or her name has been disclosed. Importantly, even public figures do not surrender all rights to privacy by placing themselves in the public eye.

15. In this case, EOUSA invoked Exemption (b)(7)(C), in conjunction with Exemption (b)(6), to categorically withhold all records pertaining to the third party named in the FOIA request, Manuel Noriega. In making this decision, EOUSA determined that any records responsive to Plaintiff's request would be contained in the criminal prosecution file pertaining to a

third-party individual. EOUSA has determined that criminal investigatory records, which are contained in criminal prosecution files, are the type of law enforcement records where the balance characteristically tips in one direction due to the strong privacy interest of the individuals named in these records. See United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776 (1989). For this reason, in the absence of an overriding public interest in disclosure, consent from the third party or proof of death, EOUSA categorically denied access to the third-party law enforcement information requested by Plaintiff pursuant to Exemption (b)(7)(C) because disclosure of the requested information could reasonably be expected to constitute an unwarranted invasion of this individual's privacy.[4] This action is consistent with EOUSA's handling of third-party requests and is well-recognized by the courts.

16. As stated above, Plaintiff has not provided EOUSA with authorization from the subject third party to release any privacy-protected information that might be contained in the responsive files. Moreover, Plaintiff has failed to meet its burden of establishing that there is any public interest in disclosure that outweighs the strong privacy interest of the named third-party individual. Accordingly, "whether defendants actually searched for records ... is 'immaterial ... because that refusal deprived [plaintiff] of nothing to which he is entitled.'" Lewis v. U.S. Department of Justice, 609 F.Supp.2d 80 (D.D.C.) (2009) (Huvelle, J.).

17. EOUSA categorically applied this exemption to all third-party information in conjunction with Exemption (b)(6).

---

[4] EOUSA also routinely invokes Exemption (b)(6), in conjunction with Exemption (b)(7)(C), to deny access to third-party information for the reasons stated infra at ¶¶ 18-20.

## EXEMPTION 5 U.S.C. §552(b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

18. Exemption (b)(6) permits the withholding of information contained in personnel, medical, and similar files, which if disclosed would constitute a clearly unwarranted invasion of personal privacy. This exemption protects from disclosure information that applies to a particular, identifiable individual. Specifically, this exemption prevents the unauthorized disclosure of personal information, such as, a Social Security Number, a home address and telephone number, a date of birth, and details of a person's medical condition, as well as information that is either intimate or embarrassing to an individual.

19. EOUSA categorically invoked Exemption (b)(6), in conjunction with Exemption (b)(7)(C), to deny access to information pertaining to the named third-party individual because this individual has a strong privacy interest in this information, and Plaintiff has failed to establish an overriding public interest in disclosure. In addition, Plaintiff has failed to provide EOUSA with consent from the third-party individual or proof that the person is deceased. Consequently, the third-party individual's privacy interests in the requested law enforcement information outweigh the non-existent public interest in disclosure; therefore, to release any requested information would constitute a clearly unwarranted invasion of personal privacy.[5]

20. In sum, EOUSA routinely employs categorical withholdings in response to third-party requests for access to criminal investigatory records, when the subject third-party has not provided authorization to release his or her law enforcement information to the requestor, when the

---

[5] EOUSA's balancing of the privacy and public interest in determining whether to withhold third-party information under Exemption (b)(7)(C), as set forth in Paragraphs 13-16, supra, applies equally to the balancing of interests under Exemption 6.

Page 7 of 8

requestor has not provided proof that the subject third party is deceased, and when the requestor has failed to provide a meaningful evidentiary showing that the public interest in disclosure outweighs the substantial privacy interest in non-disclosure. In light of the fact that any and all records responsive to the third-party request are exempt under Exemptions 6 and 7(C), a document-by-document search and review of the responsive material is not conducted. It is under these circumstances in the instant matter that EOUSA categorically denied access to Manuel Noriega's criminal law enforcement records in response to Plaintiff's request.

## CONCLUSION

21. Each step in the handling of Plaintiff's request has been entirely consistent with the EOUSA's procedures adopted to insure an equitable response to all persons seeking access to third-party records under the FOIA/PA. Thus, the EOUSA has properly responded to Plaintiff's FOIA request for third-party records.

I declare under penalty of perjury that the foregoing is true and correct and that Exhibits A through E attached hereto are true and correct copies.

Executed on __MARCH 22ND__, 2010.

_Vinay J. Jolly_
Vinay J. Jolly
Attorney-Advisor
EOUSA, FOIA/PA Unit

# WASHINGTONIAN

1828 L Street, NW, Washington, DC 20036 202-296-3600

FREEDOM OF INFORMATION ACT REQUEST

January 23, 2009

Department of Justice
Executive Office for United States Attorneys
William G. Stewart, II, Assistant Director
FOIA/Privacy Unit
Room 7300, 600 E Street, N.W.
Washington, DC 20530-0001
P: (202) 616-6757 F: (202) 616-6478

Re: Disclosure of documents regarding the prosecution of former Panamanian Gen. Manuel Noriega

Dear Sir,

This is a request under the Freedom of Information Act for files regarding the investigation, capture, and prosecution of former Panamanian Gen. Manuel Noriega.

I am requesting copies of any documents or communications, including but not limited to logs, reports, messages, wires, cables, teletypes, and external or internal memorandums about the investigation and/or capture of General Noriega, as well as his later prosecution, trial, and appeals. Specifically, I'm requesting any and all materials relating to the involvement of Robert S. "Bob" Mueller III, then an official with the U.S. Department of Justice in Washington, DC, in the Noriega investigation, capture, prosecution, trial, and appeals. This request should include the period from June 1989 to June 1993, inclusive.

As a member of the news media, and considering that this request is made in the public interest, I am hereby requesting a waiver of all associated fees. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

If you deny any part of this request, please cite each specific reason that you think justifies your refusal to release the information and notify me of appeal procedures available to me under the law.

Sincerely,

Garrett M. Graff
Editor at Large, Washingtonian Magazine
ggraff@washingtonian.com
Phone: (202) 862-3503



GOVERNMENT EXHIBIT A



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

JAN 30 2009

Requester: Garrett M. Graff

Request Number: 09-237

Subject of Request: Manuel Noriega

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§ 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

    We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please reply with a letter asking for the public documents. **Please send your letter to the address above.**

    Should you obtain the written authorization and consent of the third party for release of the records to you, please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. Your name should appear in the section titled "Optional." The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. **Please send your new request to the address above.**

[ ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
**NOT SPLIT**

GOVERNMENT EXHIBIT B

(Page 1 of 2)
Form No. 006-10/08

JAN 30 2009

      This is our final action on this above-numbered request. You may appeal my decision in this matter by writing within 60 days from the date of this letter, to the **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the envelope and the letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. § 16.9.

                                Sincerely,

                                William G. Stewart II
                                Assistant Director

Enclosure

# WASHINGTONIAN

1828 L Street, NW, Washington, DC 20036 202-296-3600

FOIA
(A)
EOUSA
09-1154

FREEDOM OF INFORMATION ACT REQUEST

February 24, 2009

Office of Information and Privacy
Department of Justice
1425 New York Avenue
Suite 11050
Washington, DC 20530-0001
P: (202) 514-FOIA F: (202) 514-1009

OFFICE OF INFORMATION
AND PRIVACY
MAR 0 5 2009
RECEIVED

Re: FOIA Appeal, Request Number 09-237

Dear Sir or Madam,

This is an appeal under the Freedom of Information Act for the disclosure of documents regarding the investigation, capture, and prosecution of former Panamanian Gen. Manuel Noriega.

In a letter dated January 30, 2009, Assistant Director of the Executive Office for United States Attorneys William G. Seward II denied my request, citing the need for express authorization of the third party in question or a clear demonstration that the public interest in disclosure outweighs Mr. Noriega's personal privacy interest.

As a prisoner of war currently in the custody of the United States, Mr. Noriega's permission to access files regarding his case should not be a hindrance to the disclosure of information to such a compelling public interest. Significant public benefit would result from disclosure of the requested files. As a member of the news media, I intend to use this information to contribute significantly to public understanding of the operations or activities of the government with regard to Mr. Noriega's case. Finally, Mr. Noriega is not privy to the personal privacy rights afforded through the Freedom of Information Act because he is not a U.S. citizen.

I am requesting copies of any documents or communications, including but not limited to logs, reports, messages, wires, cables, teletypes, and external or internal memorandums about the investigation and/or capture of General Noriega, as well as his later prosecution, trial, and appeals. Specifically, I'm requesting any and all materials relating to the involvement of Robert S. "Bob" Mueller III, then an official with the U.S. Department of Justice in Washington, DC, in the Noriega investigation, capture, prosecution, trial, and appeals. This request should include the period from June 1989 to June 1993, inclusive.


GOVERNMENT EXHIBIT C

# WASHINGTONIAN

1828 L Street, NW, Washington, DC 20036 202-296-3600

As a member of the news media, and considering that this request is made in the public interest, I am hereby requesting a waiver of all associated fees. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

If you deny any part of this request, please cite each specific reason that you think justifies your refusal to release the information and notify me of appeal procedures available to me under the law.

Sincerely,

Garrett M. Graff
Editor at Large, Washingtonian Magazine
ggraff@washingtonian.com
Phone: (202) 862-3503



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642        Washington, D.C. 20530

MAR 0 6 2009

Mr. Garrett M. Graff
Washingtonian Magazine
1828 L Street, NW
Washington, DC  20036

　　　　Re: Request No. 09-237

Dear Mr. Graff:

　　This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on March 5, 2009.

　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **09-1154**. Please mention this number in any future correspondence to this Office regarding this matter.

　　We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　　Supervisory Administrative Specialist





**U.S. Department of Justice**

Office of Information Policy

Telephone: (202) 514-3642         Washington, D.C. 20530

SEP 0 8 2009

Mr. Garrett Graff
Washingtonian Magazine
1828 L Street, NW
Washington, DC 20036

Re:  Appeal No. 09-1154
     Request No. 09-237
     ADW:SRO

Dear Mr. Graff:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to the investigation, capture, and prosecution of Manuel Noriega.

After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA properly withheld this information in its entirety because it is protected from disclosure under the Freedom of Information Act pursuant to:

5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

As EOUSA informed you, it will provide public records to you at your request. Please contact EOUSA directly if you seek such records.

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



GOVERNMENT EXHIBIT E