UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                  )
BARBARA FEINMAN; and GARRETT M.        )
GRAFF,                                                        )
                                                                  )
                Plaintiffs,                         )
                                                                  )
                v.                                    )   Case No. 1:09-cv-2047-ESH
                                                                  )
FEDERAL BUREAU OF INVESTIGATION;   )
EXECUTIVE OFFICE OF UNITED STATES    )
ATTORNEYS; and UNITED STATES              )
DEPARTMENT OF JUSTICE,                         )
                                                                  )
                Defendants.                      )
_____ )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Garrett Graff seeks to amend his complaint in order to allege a pattern and practice claim under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* Specifically, Graff seeks to allege a facial challenge the Federal Bureau of Investigation ("FBI") and Executive Office of the United States Attorneys' ("EOUSA") practices for handling requests for records pertaining to third-party foreign nationals. Pattern and practice claims under the FOIA, however, should be limited to circumstances in which the challenged practice is in blatant disregard of the FOIA and declaratory relief is necessary to remedy the violation. Such is not the case here. Accordingly, Defendants'

motion for leave to amend should be denied because it would be futile to permit the requested amendment.

## BACKGROUND

Graff's original complaint, filed on October 30, 2009, alleged six causes of action, the first five challenging the withholding of records pertaining to third-party foreign nationals under the FOIA, and the sixth challenging the FBI and EOUSA's practices for handling such requests pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. On January 26, 2010, this Court dismissed count one of the complaint and Barbara Feinman as a plaintiff. (Doc. # 8). On May 26, 2010, this Court dismissed count six of the complaint, finding that judicial review under the APA was unavailable because the relief available under the FOIA is of the same genre as the relief available under the APA. (Doc. # 28).

Graff now moves to amend his complaint by adding count six of the proposed amended complaint, entitled "FOIA – FBI/EOUSA/ DOJ." *Proposed Amended Complaint,* p. 10. Graff seeks the amendment "in order to properly raise under FOIA [a] challenge to the legality of the Defendants' remaining disputed procedural policies." *Mot. to Amend,* p. 2. Count six of the proposed amended complaint alleges that Defendants implemented internal practices that permit "FOIA personnel to categorically refuse to process searches for records pertaining to foreign nationals absent proof of death, a signed privacy waiver or a demonstration that the public interest in disclosure outweighs the privacy interests of the particular foreign national." *Complaint*, ¶ 44. Graff challenges the FBI and EOUSA's practices on the ground that they violate

Defendants' FOIA regulations and the FOIA. To the extent that Defendants' respective regulations authorize these practices, Graff claims that the policies "constitute an unreasonable interpretation of the statutory obligations imposed by the FOIA." *Id.,* ¶ 45. Graff claims that Defendants' conduct was "arbitrary, capricious and/or an abuse of discretion, as well as in violation of internal regulations and/or FOIA, pertaining to the processing of the plaintiffs' FOIA requests." *Id.*, ¶ 47. Graff seeks a declaration that these practices unlawful and corresponding injunctive relief. *Id.* at p. 14-15.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) establishes the procedure for a plaintiff's amendment of its complaint. The rule provides that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court's decision to allow amendment is discretionary. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

With respect to a court's exercise of discretion in granting leave to amend, it is well established that where amendment is futile, it should be denied. For instance, when a proposed amendment cannot survive a motion to dismiss, the motion to amend should be denied. *See, e.g., James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the

3

proposed claim would not survive a motion to dismiss."); *Bolden v. Ashcroft*, 515 F. Supp. 2d 127, 136 (D.D.C. 2007) ("The inability of the proposed claims to survive a motion to dismiss provides a valid ground for denying a motion to amend the complaint.").

## ARGUMENT

### GRAFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE

Graff's proposed claim, which alleges a facial challenge to the FBI and EOUSA's practices regarding FOIA requests for third-party records pertaining to foreign nationals and seeks a declaration that the challenged practices are unlawful and corresponding injunctive relief, would not survive a motion to dismiss. Although the FOIA "imposes no limits on courts' equitable powers in enforcing its terms," *Payne Enterprises, Inc. v. United States,* 837 F.2d 486, 487, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 19-20 (1974)), this does not necessarily mean that a claim for declaratory relief invalidating an agency's overarching practices under the FOIA is always sustainable. To the contrary, and as discussed in more detail below, a cause of action to challenge an agency's "policy or practice" under the FOIA should be limited to circumstances in which the practice is in blatant disregard of the FOIA and declaratory and injunctive relief is necessary to remedy the violation. *See Payne,* 837 F.2d at 494. Because the allegations in Graff's complaint do not satisfy this standard, the Court should deny Plaintiff's motion to amend on futility grounds. [1]

---

[1] Count one (FOIA-Feinman-FBI) and count seven (Administrative Procedures Act-

Case law addressing the inquiry relevant to a pattern and practice claim under the FOIA is sparse. However, the D.C. Circuit's opinion in *Payne* is instructive, and should be read to preclude the availability of such a claim on the facts of this case.[2]  *See* 837 F.2d at 949.  *Payne* involved a challenge to the Air Force Logistic Command's ("AFLC") practice of refusing Payne's requests for "bid abstracts when, in their judgment, competition for contracts was so limited that release of the abstracts might result in higher prices in the future." *Id.* at 487 (quoting declaration). Payne sold "information and advice about Government contracts to prospective contractors," and obtained "much of that information through FOIA requests" for copies of bid abstracts "listing the offerors' names and aggregate offer prices for negotiated contracts once those contracts had been awarded." *Id.* However, AFLC consistently refused to supply Payne with this information. Payne appealed the AFLC's refusals to the Secretary of the Air Force and, "[w]ithout exception, the Secretary's Office released the bid abstracts Payne had requested." *Id.* at 489. The Secretary also "made it clear that the officers' position was wholly unjustified." *Id.* Nevertheless, the AFLC officers "did not mend their ways immediately" and instead "continued to withhold the bid abstracts Payne requested." *Id.*

---

FBI/EOUSA/DOJ) of the proposed amended complaint also improperly allege claims that are identical to counts one and six of the original complaint, which this Court has already dismissed. These claims should not be considered again.

[2] The unavailability of a pattern and practice claim under the FOIA is consistent with the Defendants' position that judicial review is unavailable under the APA. *Dft's Reply to Mot. for Partial Summary Judgment,* p. 5, n.2 (quoting *Payne,* 837 F.2d at 494) ("Defendants do not concede that the circumstances in which a plaintiff may be entitled to declaratory relief under the FOIA to remedy an unlawful pattern or practice are unlimited. Rather, pattern and practice claims should be limited to circumstances where the purportedly unlawful practice is 'sufficiently outrageous.'").

at 490.  Payne therefore initiated a suit for declaratory and injunctive relief under the FOIA.

The D.C. Circuit reversed the district court's ruling that the AFLC's conduct was "not sufficiently outrageous to warrant" the declaratory and injunctive relief.  *Id.* at 494. In so holding, the Court emphasized that every decision by the AFLC to refuse to fulfill Payne's requests was reversed by the Secretary; that despite the Secretary's repeated admonishments, the AFLC officers "continued to deny Payne's requests;" and that "the Secretary refrained from taking firm action to end their recalcitrance."  *Id.*  The Court therefore reasoned that "[t]he Secretary's inability to deal with AFLC officers' noncompliance with the FOIA, and the Air Force's persistent refusal to end a practice for which it offers no justification, entitle Payne to declaratory relief."  *Id.*

The reasons that justified declaratory relief as to the AFLC's practices in *Payne* are not present here.  First, in *Payne,* the AFLC's willful noncompliance with the FOIA and with rulings of the Secretary was instrumental to the Court's finding that declaratory relief to remedy the AFLC's unlawful practice was appropriate.  Here, although Graff's proposed claim alleges that the FBI and EOUSA's practices conflict with the FOIA, the complaint is devoid of any allegation that would support a finding that the FBI and EOUSA willfully or knowingly disregarded the requirements of the FOIA.  To the contrary, there is no allegation in Graff's complaint that any decision to deny a request for third-party records absent a privacy waiver, proof of death or overriding public interest was reversed, which could have put the FBI or EOUSA on notice that their practices were possibly in conflict with the FOIA.  Moreover, this Court has affirmed the

6

FBI and EOUSA's refusal to disclose third-party records absent a privacy waiver, proof of death or overriding public interest in analogous cases, *see Lewis v. U.S. Dep't of Justice,* 609 F. Supp. 2d 80, 84 (D.D.C. 2009); *Fischer v. U.S. Dep't of Justice,* 596 F. Supp. 2d 34, 47 (D.D.C. 2009), which further undermines any assertion that the FBI and EOUSA should have known their practices violated the FOIA.  Simply put, unlike *Payne,* Graff alleges nothing to support a finding that the FBI and EOUSA have frequently disregarded the FOIA.

      Second, even if the Court were to rule in favor of Graff, and find that he has a right to the requested third-party information absent a privacy waiver, proof of death or overriding public interest, declaratory and injunctive relief with respect to the FBI and EOUSA's overarching practices would not be necessary.  *Payne* is also distinguishable in this regard.  In *Payne,* declaratory relief was the *only* means to remedy the challenged FOIA violations because the AFLC repeatedly, consistently, and blatantly disregarded the Secretary's contrary orders and the FOIA, and would presumably have continued its unlawful conduct.  This is not the case here.  There is no allegation that the FBI or EOUSA disregarded any order to cease the challenged practices.  To the contrary, none of the FBI and EOUSA's denials of Graff's FOIA requests were reversed on appeal.  The denials are also consistent with judicial rulings in analogous cases.  *See Lewis,* 609 F. Supp. 2d 80; *Fischer,* 596 F. Supp. 2d 34.  Because, unlike *Payne,* the FBI and EOUSA have never been ordered to cease the challenged practices, there is no indication that they would not comply with such an order.  A judicial declaration that the FBI and EOUSA's practices are unlawful may be appropriate under *Payne* if the FBI and EOUSA were to

continue to withhold records in analogous circumstances after an adverse ruling on the facts of this case.  But, that is not the case here.  The Court can fully remedy any injury to Graff by ordering disclosure of the requested documents, and declaratory relief is wholly unnecessary.

Third, the Court in *Payne* also determined that declaratory relief was justified because Payne was repeatedly required to appeal the denials of his bid requests in order to obtain the information to which he was legally entitled, which was "frustrating, costly, and detrimental to Payne's business, because its clients, most of whom themselves tendered bids on Government contracts, understandably wanted a prompt report on the latest round of bidding so that they might advance profitable yet successful offers."  837 F.2d at 490.  Here, there is no allegation that Graff would encounter similar burdens absent a declaratory judgment invalidating the FBI and EOUSA's practices.   For example, Graff does not allege that he has submitted other FOIA requests, which have been denied due to the FBI and EOUSA's practices, or that he intends to submit such requests in the future.   Similarly, Graff does not allege that is his losing or that he stands to lose money as a result of the challenged practices, and that disclosure of the requested records would not be an adequate remedy.

In light of the foregoing, Graff should not be able to bring a pattern and practice claim under the FOIA to challenge the FBI and EOUSA's practices regarding requests for third-party records because, as a matter of law, the circumstances of this case do not approach the level of agency intransigence that the D.C. Circuit found in *Payne*.  Accordingly, Graff's motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Graff's Motion for Leave to File First Amended Complaint.

    Respectfully submitted,

    TONY WEST
    Assistant Attorney General

    ELIZABETH J. SHAPIRO
    Deputy Branch Director

    */s/ Jennifer B. Kaplan*
    JENNIFER B. KAPLAN, CA Bar No. 253841
    Trial Attorney
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave., NW
    Washington, D.C. 20001
    Tel: (202) 514-3367
    Fax: (202) 616-8470
    Email: jennifer.b.kaplan@usdoj.gov

Dated: July 29, 2010    *Attorneys for Defendants*